IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JASON BRYAN MARTIN,<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-149-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 18, 2018, Petitioner Jason Bryan Martin, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Martin is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Martin has motioned the Court to allow him to proceed in forma pauperis. (Doc. 2.) Although he did not supply the requisite inmate account statement, it appears that Martin lacks sufficient funds to pay all costs that may be associated with this action. Accordingly, the motion to proceed in forma pauperis will be

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

granted.

## II. 28 U.S.C. § 2254 Petition

Martin challenges a sentence imposed following revocation of his suspended sentence handed down in Montana's Twelfth Judicial District, Hill County, on June 23, 2017. (Doc. 1 at 2-3.) Following the revocation, Martin was committed to the Montana Department of Corrections for two (2) years and given credit for 39-days of time-served. *Id*. at 3. Martin contends the sentence he received upon revocation was facially invalid and that he was not properly credited for all the time he was due on his suspended sentence. In support of his position, Martin and attaches a copy of the writ of habeas corpus he filed with the Montana Supreme Court. *Id*. at 4, ¶ 14(A); *see also*, Doc. 1-1 at 1-13. Because Martin currently has an active direct appeal pending in which he is represented by counsel, the Montana Supreme Court declined to consider the merits of Martin's state habeas petition and dismissed the matter without prejudice. (Doc. 1-1 at 14-15.)

Martin asks this Court to remand the matter to the state district court for resentencing in accordance with state law. (Doc. 1-1 at 12.)

### i. Analysis

Martin's petition should be dismissed because any claims he seeks to advance relative to his current custody have not yet been exhausted in the state court system. Lowry currently has a direct appeal pending before the Montana

2

Supreme Court. See, *State v. Martin*, DA 17-0729, Or. (filed Nov. 8, 2018)(granting Appellant an extension of time to Dec. 14, 2018, to file and serve the opening brief).[2] Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed December 3, 2018).

3

As set forth above, a review of the Montana Supreme Court Docket reveals that Martin has, in fact, been able to access the state courts. He has a direct appeal pending and is represented by counsel. While the Court appreciates Martin's frustration at the seemingly slow pace at which his direct appeal is progressing, it does not relieve him of the burden of first presenting his claims to the state courts. There are still remedies available to Martin under state law, including direct and collateral review. Because Martin has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Martin may return to this Court if and when he fully exhausts the claim relative to his revocation and current custody in the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Martin has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Martin's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Martin may object to this Findings and Recommendation within 14

days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Martin must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of December, 2018.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Martin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.